STATE of Missouri, Respondent,

v.

Robert CRUMP, Jr., Appellant.

No. 27901.

Missouri Court of Appeals,
Southern District,
Division Two.

May 30, 2007.

William J. Fleischaker, Joplin, for Appellant.

No brief filed for Respondent.

1. All rule references are to Missouri Court Rules (2006) and all statutory references are to RSMo 2000.

ROBERT S. BARNEY, Judge.

Robert Crump, Jr. ("Appellant") appeals the judgment entered upon his conviction by a jury for three counts of the class A misdemeanor of promoting obscenity in the second degree, violations of section 573.030.[1] Appellant was sentenced by the trial court to one year in jail on each count with the execution of sentence suspended and was placed on two years unsupervised probation. Appellant was also fined $1,000.00 for each count.

Viewing the evidence in the light most favorable to the jury's verdict, *State v. Smith*, 81 S.W.3d 657, 659 (Mo.App.2002), the record reveals that Movant is the owner of a store called Midnight Video ("the Store") in McDonald County, Missouri, which among other things, sells adult movies, magazines, books, toys, and novelties. All of the movies sold at the Store are "sexually themed" and "emphasi[ze] different aspects of that sexuality in different ways." Appellant often works at the Store himself and has several additional employees who work at the Store.

Deputy Jeff Sutherland ("Deputy Sutherland"), an investigator for the Southwest Missouri Drug Task Force, was asked by the prosecuting attorney to investigate alleged violations of the law at the Store. Deputy Sutherland enlisted the help of several informants who performed a series of controlled buys at the Store. On April 27, 2004, May 5, 2004, and January 7, 2005, Deputy Sutherland waited in the parking lot of the Store while the informants entered the Store with audio recording devices and purchased adult movies. The adult movies purchased were respectively titled "Different Strokes," "Bi Group Club Sex," and "Ragtime Red."[2] Appellant was

2. At trial, all three adult videos were shown in their entirety to the jury.

thereafter charged by way of a second amended information with three counts of "acting in concert with ..." his employees to sell obscene material "knowing its content and character" for "pecuniary gain." Appellant filed a Motion to Dismiss the second amended information on June 15, 2006, in which he asserted Rule 21.02 requires the information be supported by an affidavit of probable cause as set out by Rule 21.04 and Rule 21.04 requires the affidavit of probable cause set forth sufficient facts to " 'support a finding of probable cause to believe a crime was committed and the accused committed it.' "

A jury trial was held on June 15 and 16, 2006. As previously set out, Appellant was convicted of all three counts of promoting obscenity in the second degree.

Appellant raises three points of trial court error. Appellant's second point relied on is dispositive. It asserts the trial court erred in overruling Appellant's motion to dismiss the information filed against him "because the information was defective in that the affidavit of probable cause as required by Rule 21.04, failed to state facts to support a finding of probable cause to believe a crime was committed because it failed to state any facts describing the contents of the videos."

The State concedes the trial court erred in overruling Appellant's motion to dismiss the information and joins Appellant in requesting our reversal of Appellant's conviction and remand for a new trial. The State recites that it "has thoroughly researched [the second point] and both parties after full consideration ... agree that the case law is clear and convincing beyond any doubt that that point is meritorious and Appellant's conviction should be reversed. Neither party contends this point of error was harmless." The State also asserts "[t]hat Appellant's point II is so convincing it renders the other two

points moot and neither party wants to cause this Honorable Court to be required to review the six hours of sexually explicit 'adult' material under point III." Appellant's second point relied on has merit. We reverse the judgment and sentence of the trial court and remand the matter for a new trial pursuant to the stipulation of the parties.

GARRISON, and LYNCH, JJ., concur.